09-1675-cr
United States v. Hightower

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges*,
         RICHARD W. GOLDBERG,
                  *Judge*.[*]

---

UNITED STATES OF AMERICA,

                    *Appellee*,

        -v.-                                      09-1675-cr

RANDY HIGHTOWER,

                    *Appellant.*

---

FOR APPELLANT:      RANDY HIGHTOWER, *pro se*, Allenwood, PA;
                    Robert J. Boyle, *standby counsel*, New
                    York, NY.

FOR APPELLEE:       EDWARD Y. KIM and VIRGINIA CHAVEZ ROMANO,
                    Assistant United States Attorneys, *for*
                    Preet Bharara, United States Attorney for

---

[*] The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellant, Randy Hightower, appeals from a judgment of conviction entered on April 15, 2009, in the United States District Court for the Southern District of New York, following a three-day bench trial. Appellant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Hightower argues that the district court erred in denying his motion to suppress all evidence seized from him on the night of his arrest, namely the gun that forms the basis for his conviction, and an incriminating statement he made to the responding officers. Appellant further contends that the evidence was insufficient to support his conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[1]

---

[1] Standby counsel's motion for leave to file a supplemental reply brief is granted.

In evaluating the district court's ruling on the suppression motion, we review factual findings for clear error. *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004). We review the district court's determination as to when the appellant was seized *de novo*, as this is a question of law. *United States v. Baldwin*, 496 F.3d 215, 218 (2d Cir. 2007). We conclude that this Court's decision in *United States v. Baldwin* governs this case.

"[T]o comply with an order to stop — and thus to become seized — a suspect must do more than halt temporarily; he must submit to police authority, for there is no seizure without actual submission." *Id.* at 218 (internal quotation marks omitted). Although appellant did momentarily stop when approached by the responding officers, "[a] reasonable person standing in [Hightower's] place would have felt bound to stop, and having stopped and stayed, would be able to argue suppression on the ground of a baseless seizure." *Id.* at 219. However, Hightower fled and is, therefore, not entitled to have the evidence at issue suppressed. *See United States v. Valentine*, 232 F.3d 350, 359 (3d Cir. 2000).

Appellant's sufficiency challenge is without merit.

Reviewing the evidence in the light most favorable to the government, we conclude that it was clearly sufficient to sustain appellant's conviction. *See United States v. Gaskin*, 364 F.3d 438, 459-60 (2d Cir. 2004).

We have considered all of appellant's arguments on appeal,[2] and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We have also considered the arguments of standby counsel.

4